In the Matter of IMPERIAL "400" NA-
TIONAL, INC., Debtor.

Appeal of Joseph M. NOLAN.

Judicial Council of the Third
Circuit, Intervenor.

No. 72–1566.

United States Court of Appeals,
Third Circuit.

May 23, 1973.

*Memorandum and Order on
Petitions for Rehearing*

ALDRICH, Senior Circuit Judge.

The petition for rehearing filed on behalf of the Circuit Council appears to misunderstand fundamentally the narrow scope of our decision. In the first place, it neglects that, as we pointed out, and as Judge Lumbard in his dissent recognized, the Council's rule, regardless of its form, was designed for Nolan. Nor did we say that we wished to substitute our view of the proper decision for that of the Council. Quite the contrary, our disagreement was basically with procedure; adding, to show that the issue was not moot, that there was another legally possible solution. It is not helpful to have a petition that does not direct itself to what we decided.

Secondly, we do not feel it appropriate, or helpful, to go off the record by referring to alleged ill-health of the district judge (which would in no way eliminate the alternative expressly before the Council, as pointed out by us, of referring the matter to the chief district judge for a hearing); or, more important, by stating that the Council members would aver they were not, in fact, influenced by the charges made against Nolan, and that some did not know all of them. Again, counsel misunderstands our opinion. We thought we made it clear that what troubled us was that serious charges had been stated to at least two members of the Council, who, for all that was known, might be expected by Nolan to repeat them, (even the understandably abbreviated record of the Council meeting refers to the "friction between counsel . . . and certain creditors"), and who publicly "had expressed by no means insignifi-

**298**

cant criticisms of appellant," of substance, not appearance.

We have no doubt that all members of the Council, in utmost good faith, sought to disregard whatever charges they knew or believed, and to address themselves to the issue. But we can only repeat, what counsel conspicuously ignores, that on this record, for a directive needed by no one except perhaps Nolan, Nolan was "unheard by a body whose very excuse for acting was the necessity of maintaining public confidence in the courts." The harm to Nolan was serious; any offsetting advantages, minimal. We spoke in terms of fairness and due process, and we adhere to that position.

■ With regard to the Council's present assertion that Chandler v. Judicial Council, 1970, 398 U.S. 74, 90 S.Ct. 1648, 26 L.Ed.2d 100, indicates that we lack jurisdiction, the Council took the opposite position before the District Court in the mandamus proceeding, 346 F.Supp. 500, 511, before the Supreme Court in the brief which led to the denial of appellant's motion for leave to file a petition for mandamus, 409 U.S. 822, 93 S.Ct. 111, 34 L.Ed.2d 154, and again in its original brief before us. *Chandler* was decided long before all of those occasions. Perhaps the Council's present position is correct, but we have already considered it fully, and will not again.

■ We will deal briefly with the suggestion, also made for the first time, that remand for a hearing should be made to the Council, not to the district court. We respectfully wonder whether the Council really wishes that disposition, in the light of the truly district court nature, as well as the extent, of the matters we believe are to be heard, and of the fact that the Council, unlike the district court, is not au courant with the affairs of the case. In any event, we cannot feel, again with the greatest of respect, that, where there

are two possible bodies, the Council is at this point the appropriate one. This is not to suggest that the regular members of the Court of Appeals may not properly review the district court's decision once there is a full record.

The petition for rehearing filed on behalf of the Union Bank calls for no separate comment. We made the charge of taxable costs to that party because of its extraordinary and persistent disregard of the record and of the limited issue that was before us.

The petitions for rehearing are denied.

LUMBARD, Circuit Judge, dissents and votes to grant the petitions for rehearing for the reasons stated in his dissenting opinion.